# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CONNIE KENNEDY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:05CV1786 HEA ) |
| BIG LOTS, BIG LOTS STORES, INC., JOHN DOE CORPORATION I, JOHN DOE CORPORATION II, and STEVEN MICHAEL WATKINS, | ) ) ) ) ) |
| Defendants. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, [#7]. Defendant Big Lots Stores, Inc. has responded to the motion. For the reasons set forth below, Plaintiff's motion is granted.

### Facts and Background

On August 24, 2005, Plaintiff filed her Petition in the Circuit Court of the City of St. Louis, alleging a cause of action for personal injury. Plaintiff claims that on September 12, 2002, she slipped and fell on the raised edge of a step-pad in the entrance of a Big Lots store, located at 4330 S. Broadway, in St. Louis, Missouri. Plaintiff alleges that as a result of the dangerous condition in the entrance of the property, she has suffered serious and permanent disabling injuries.

This same cause of action, however, was previously filed in this Court as case number 4:04CV0044 and assigned to the undersigned. In March, 2004, Plaintiffs brought this action in the Circuit Court of the City of St. Louis, alleging personal injury as a result of the same September 12, 2002 slip and fall at the S. Broadway Big Lots. Defendant Big Lots Stores, Inc. ("Big Lots") properly removed the case to Federal Court based on this Court's diversity jurisdiction. Once discovery was nearly completed, however, Plaintiff voluntarily dismissed her action. Plaintiff filed the present action in August, 2005 in the Circuit Court of St. Louis, making the same allegations against Big Lots as she did in her previous action, except that she has now named Defendant Steven Watkins as an additional party. Defendant Watkins is the store manager of the S. Broadway Big Lots.

On October 5, 2005, Big Lots filed its notice of removal to this Court based on diversity of citizenship under 28 U.S.C. § 1332 and claimed fraudulent joinder of the resident Defendant, Steven Watkins. On November 7, 2005, Plaintiff filed her motion to remand alleging the removal was improper, because Defendant Big Lots cannot show that Defendant Watkins was fraudulently joined.

## **Discussion**

A defendant may remove a civil action from a state court to a federal court on the basis of diversity jurisdiction only if none of the properly joined defendants are

citizens of the state in which the original action was filed. 28 U.S.C. § 1441(b); *Pender v. Bell Asbestos Mines, Ltd.,* 46 F. Supp.2d 937, 939 (E.D. Mo. 1999). A district court lacks diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. *Hurt v. Dow Chemical Co.,* 963 F.2d 1142, 1145-56 (8th Cir. 1992). If statutory requirements for removal jurisdiction are not met, a district court has no jurisdiction. *Id.* at 1145.

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cr. 1997), *cert. denied,* 522 U.S. 1075 (1998); *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993). Removal, however, will not be defeated by collusive or fraudulent joinder. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (per curiam). Fraudulent joinder exists if, on the face of a plaintiff's state court pleading, no cause of action lies against the resident defendant. *Id.* When the party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. 28 U.S.C. § 1441; *Parnas v. General Motors Corp.,* 879 F. Supp. 91, 92 (E.D. Mo. 1995). This burden is substantial. In order to establish that

a resident defendant has been fraudulently joined, the removing party must show that (1) there is no reasonable basis in fact or law supporting the claim stated against the resident defendant; or (2) the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the defendant. *Reeb v. Wal-Mart Stores, Inc.,* 902 F. Supp. 185, 188 (E.D. Mo. 1995).

Here, Plaintiff is a citizen of Missouri, while Defendant Big Lots Stores, Inc. is a corporation existing under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. Defendant Steven Watkins is a resident of Missouri. Big Lots contends that under Missouri law, Plaintiff cannot assert a cause of action against Watkins, and that Watkins was fraudulently joined to destroy diversity. Big Lots argues that without Watkins as a defendant in this action, complete diversity of citizenship exists, and this case is properly before the Court.

Generally speaking, in determining whether the Court has complete jurisdiction, the Court must look to the allegations in the complaint. "Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson,* 724 F.2d at 83-84; *BP Chem. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir.), *cert. denied,* 537 U.S. 942 (2002). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871

(8th Cir. 2002).

Big Lots relies on a Fifth Circuit case, *Griggs v. State Farm Lloyds,* 181 F.3d 694 (5th Cir. 1999), for the premise that Plaintiff's claims against Watkins are insufficient to defeat removal. Despite Plaintiffs' failure to reply to Big Lots' well-researched suggestions in opposition, the *Griggs* case is not persuasive in this instance. In *Griggs,* the plaintiff sued his homeowner's insurer and independent agent in state court, for breaching their duty of good faith and fair dealing after denying plaintiff coverage for losses he incurred in burglaries. After the cause was removed, the district court found that the independent agent was fraudulently joined to defeat diversity jurisdiction. The Fifth Circuit affirmed, finding that Plaintiff failed to allege his relationship with the independent agent was "governed or created by" any contract, or that his relationship with the agent was otherwise imbued with special characteristics that would give rise to the "special relationship" required to impose a duty of good faith and fair dealing. *Id.* at 701 (*citing Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256 (5th Cir. 1995)). Thus, there was no basis under Texas law for plaintiff's claim against the agent for breach of duty of good faith and fair dealing. *Id.*

In *this* case, Defendant Watkins is the store manager of the S. Broadway Big Lots store and is alleged to have been the manager at the time of the incident in question. Under Missouri law, there are certain instances wherein an employee may

be held personally liable to a third party. "First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer." *Reeb,* 902 F. Supp. at 188 (*citing Giles v. Moundridge Milling Co.,* 173 S.W.2d 745, 751 (Mo. 1943)). The second instance involves liability on the part of the employee who does not have complete control of the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person. *Id.* "The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control." *Id. See also Turcol v. Shoney's Enerprises, Inc.,* 640 S.W.2d 503, 506 (Mo. App. 1982) (*citing Demko v. H. & H. Investment Co.,* 527 S.W.2d 382 (Mo. App. 1975)) (merchant's duty to invitee is to provide reasonably safe means of ingress and egress, which is a duty to exercise ordinary care to keep premises reasonably safe and to warn of danger which is actually or constructively known to it and which invitees would not discover). *Compare Reeb,* 902 F. Supp. at 189 (court found store manager fraudulently joined in slip and fall case where manager submitted affidavit establishing she had only been in store for three days since transfer, had no knowledge of the defective condition, and was not on duty as the manager at time of alleged incident. Plaintiff did not rebut manager's assertions, failing to demonstrate reasonable basis in fact or law that supported claim against manager).

Watkins, as manager of the S. Broadway Big Lots, may have owed Plaintiff a duty to exercise ordinary care in protecting her from the alleged dangerous condition of the premises. Plaintiff has plead that Watkins "is an agent, servant, and/or employee of defendants, within the course and scope of employment, having custody, control, supervision with respect to the acts of defendants herein." While it is certainly suspect that Plaintiff did not join Watkins until this matter was filed for the second time in August, 2005, it cannot be said that there is no reasonable basis in fact or law supporting the claim stated against Watkins. There exists a plausible claim against Watkins, and thus, the Court cannot conclude that Plaintiff has no real intention of prosecuting the negligence action against Watkins. Therefore, Plaintiff's motion to remand will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [#7], is granted;

Dated this 9th day of December, 2005.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE